Argued August 19, reversed and remanded September 12, 1977

# DOHONEY, *Appellant,*
*v.*
# PORT OF PORTLAND, *Respondent.*
## (No. 418-730, CA 7300)
568 P2d 705

Bruce W. Williams, Salem, argued the cause for appellant. With him on the brief was Williams, Spooner & Graves, P.C., Salem.

John C. Mercer, Portland, argued the cause for respondent. With him on the brief was Gearin, Cheney, Landis, Aebi, & Kelley, Portland.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In June 1974, plaintiff slipped and fell while walking along a terminal concourse at Portland International Airport, operated by the Port of Portland, a public body. At the time of the fall, plaintiff was temporarily in Oregon working for his employer, a Washington corporation. Plaintiff received benefits under the Washington Industrial Accidents Law, RCWA 51.04.010-51.98.080, for the injuries he suffered as a result of the fall. In July 1975, plaintiff filed a tort action against the Port. The trial court dismissed plaintiff's complaint on the ground that defendant, as a public body, was immune from liability under ORS 30.265(2)(b) on the basis of plaintiff's coverage and receipt of benefits under the Washington Industrial Accidents Law.

At the time of plaintiff's injury, ORS 30.265(2)(b) provided:

"(2) Every public body is immune from liability for:
"* * * * *

"(b) Any claim for injury to or death of any person covered by the Workmen's Compensation Law."

Plaintiff contends that the statute does not bar his action because the phrase "the Workmen's Compensation Law" means only the Oregon law and not the workmen's compensation law of Washington or any other jurisdiction.

In resolving questions of statutory interpretation, if the language of the statute is plain and unambiguous, the statute must be given effect according to the language used, unless an absurd or unreasonable result would be produced. *Johnson v. Star Machinery Co.,* 270 Or 694, 704-05, 530 P2d 53 (1974). In this instance, the phrase "the Workmen's Compensation Law" is a plain and unambiguous reference to the Oregon Workmen's Compensation Law. ORS 656.001 states that the compensation act of this state may be

[ 925 ]

cited as "the Workmen's Compensation Law," the precise term used in ORS 30.265(2)(b).[1]

Contrary to defendant's contention, it is not unreasonable to interpret ORS 30.265(2)(b) as barring claims by persons covered by Oregon compensation law, but not barring claims by persons covered by the compensation laws of other jurisdictions. Oregon controls the benefits payable under its compensation laws. It has no control over those of other jurisdictions. This may be the reason Oregon initially made such a distinction.[2]

Reversed and remanded.

---

[1]The word "Workmen's" was changed to "Workers' " by the 1977 Legislative Assembly. Oregon Laws 1977, ch 109.

[2]ORS 30.265(2)(b) was amended subsequent to plaintiff's injury by Oregon Laws 1975, ch 609, § 12, p 1504. The amendment changed the phrase "the Workmen's Compensation Law" to the phrase "any workmen's compensation law."